# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEON WILLIAMS,<br><br>                    Plaintiff,<br><br>      v.<br><br>SHAWN THORNHILL, *et. al.*,<br><br>                    Defendants. | Case No. 3:23-CV-00002-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |

Before the Court is Plaintiff Keon Williams's ("Williams"), application to proceed *in forma pauperis*, (ECF No. 1), and civil rights complaint, (ECF No. 1-1). For the reasons stated below, the Court recommends that Williams's *in forma pauperis* application, (ECF No. 1), be denied as moot, and his complaint (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

## I.     *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Williams cannot pay the filing fee, thus the Court recommends that Williams not be assessed the filing fee and the motion be denied as moot. (ECF No. 1.)

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted

under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.   SCREENING OF COMPLAINT**

In his complaint, Williams sues Defendants Shawn Thornhill, Bryce Shields, Karen Stephen, and the State of Nevada (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Williams's complaint, while vague, seems to ask that the Court "remove" his state court criminal case to federal court because Defendants have violated Williams's due process rights based on what he alleges is a wrongful arrest. (*Id.*

at 2.) Thus, Williams's filing directly relates to his underlying, ongoing criminal case. It is unclear what relief Williams is requesting, but from what the Court can discern, Williams is asking that his state criminal case be dismissed. (*Id.* at 28.)

It appears that Williams is asking the court to intervene in ongoing state criminal proceedings. However, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity… to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). Because it appears Williams's criminal case is still pending, all prerequisites of the *Younger* abstention doctrine are present. Williams is the subject of an ongoing criminal proceeding in state court that has not reached final adjudication. The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Further, the state court criminal proceedings would afford an opportunity for Williams to raise the constitutional claims asserted in the Complaint.

///

### A. State of Nevada as a Defendant

While the Court ultimately recommends dismissal without prejudice, the Court notes that Williams cannot raise 42 U.S.C. § 1983 or state law claims against the State of Nevada based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims." *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006).

### B. Judicial Defendants

Finally, the Court notes that Defendant Karen Stephens, who is a Justice Court Judge, and Defendant Bryce Shields, who is a District Attorney, are absolutely immune from suit under § 1983. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process.").

Based on all of the above, the Court recommends that the complaint be dismissed without prejudice and without leave to amend.

///

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Williams's application to proceed *in forma pauperis*, (ECF No. 1), be denied as moot, and his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Williams's application to proceed *in forma pauperis*, (ECF No. 1), be **DENIED AS MOOT**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that Williams's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**DATED**: January 6, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**